CAL J. POTTER, III, ESQ.
Nevada Bar No. 001988
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
(702)385-1954

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| RICHARD L. ASSAN, | ) |
| Plaintiff, | ) CASE NO. |
| vs. | ) CV-S-00-1461-LDG---- |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the STATE OF NEVADA; Police Officer DAVID KOOP, P#4882, individually and as a police officer employed by the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DOE POLICE OFFICERS I through X; JOHN DOES I through X, inclusive, | ) **COMPLAINT** <br> ) **(Jury Demanded)** |
| Defendants. | ) |

COMES NOW, the Plaintiff, RICHARD L. ASSAN, by and through his attorney CAL J. POTTER, III, ESQ. of the law firm of POTTER LAW OFFICES, and hereby complains of the Defendants, and each of them, jointly and severally, upon information and belief, and respectfully alleges:

1

## INTRODUCTION

This is a complaint for money damages against said Defendant Officers, police officers of the Las Vegas Metropolitan Police Department, for violation of RICHARD L. ASSAN's constitutional and common law rights. Plaintiff alleges that said Defendant Officers used excessive force when arresting Plaintiff, and committed a battery in the course of such acts, and that Defendant, Las Vegas Metropolitan Police Department is liable for its custom and practice of permitting and encouraging excessive force on individuals who do not readily obey their commands and that the use of excessive force in committing such acts, with the result that officers of the Las Vegas Metropolitan Police Department were encouraged that they could violate Plaintiff's constitutional rights.

## JURISDICTION

Jurisdiction of this court is invoked under 28 U.S.C. §§1343 (1), (2), (3), (4).

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

2. This action is brought to seek redress against the Defendant Officers for acts committed while acting under color of laws of the State of Nevada, or laws, policies, ordinances, statements, regulations or mandates, written of the Defendant, Las Vegas Metropolitan Police Department, a political subdivision of the State of Nevada, pursuant to Nevada Revised Statute.

## PARTIES

3. Plaintiff, RICHARD L. ASSAN, is and was at all times relevant to this complaint, a citizen of the United States of America, a resident of the State of Nevada.

2

4. Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, (LVMPD) is a political entity pursuant to the Nevada Revised Statute and at all times relevant hereto, employed the Defendant Officers. Defendant LVMPD is a "person" under Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

5. Defendant Officer DAVID KOOP is a police officer. He is sued individually and in his official capacity. He is sued for punitive damages in their individual capacity.

6. At all times relevant hereto, and in all their actions described herein, Defendant Officer DAVID KOOP was acting under the color of law in his authority as a police officer of the Las Vegas Metropolitan Police Department.

7. That the true names and capacities, whether municipal, individual, corporate, associate or otherwise of the Defendants herein designated as DOE OFFICERS I through X, inclusive, and JOHN DOES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff alleges that each named Defendant herein designated as DOES is negligently, wilfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff, as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further ask leave to join said Defendants in these proceedings.

8. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

///

3

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. On or about June 13, 1999, at approximately 3:00 p.m., Plaintiff was driving his vehicle when he was stopped by Defendant Officer DAVID KOOP.

11. Defendant Officer DAVID KOOP ordered Plaintiff out of his vehicle and forcibly laid Plaintiff on the concrete road pavement.

12. Plaintiff complied with Defendant Officer DAVID KOOP's orders, however was unable to tolerate the heat of lying on a road pavement in the mid-afternoon of a Las Vegas summer day.

13. Recognizing that the pavement was burning his skin, Plaintiff informed Defendant Officer DAVID KOOP that he was unable to lay on the pavement and attempted to move off of the scorching pavement.

14. Defendant Officer DAVID KOOP kneed and kicked Plaintiff to force him back onto the hot pavement. Defendant Officer DAVID KOOP also held Plaintiff's head down and pounded his head several times onto the pavement.

15. Defendant Officer DAVID KOOP forcibly held Plaintiff on the extremely hot pavement until Plaintiff was in severe pain and received first and second degree burns to his face, forearm, chest, and mid lower abdomen, all causing extreme pain, blistering, and scarring.

16. Said force and infliction of substantial pain and injury was excessive, unlawful, and without any provocation, all in violation of the Fourth, Fifth, Eighth, and

4

Fourteenth Amendments to the Constitution, and 42 U.S.C. 1983.

17. Said use of excessive force deprived Plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Plaintiff under the Fourth Amendment to the United States Constitution.

18. As a result of the acts detailed, supra, Plaintiff has suffered serious physical injury, loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of his liberty, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, all to his damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

19. The acts, conduct and behavior of each of the Defendant Officers as individuals was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**SECOND CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS**

20. Paragraphs 1 through 19 inclusive are incorporated by reference.

21. The Defendants' conduct, above described, was in an intentional manner and inflicted emotional distress, in that it caused Plaintiff to suffer great shame,

5

humiliation, embarrassment, and severe mental and emotional anguish. As a result of these acts, Plaintiff has suffered loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of his liberty, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, all to his damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

22. The act, conduct and behavior of Defendant Officers, individually, were performed knowingly and intentionally, oppressively and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### THIRD CAUSE OF ACTION

### CUSTOM, POLICY AND PRACTICE

### CIVIL RIGHTS VIOLATION

23. Paragraphs 1 through 22 inclusive are incorporated by reference.

24. The Las Vegas Metropolitan Police Department has grossly failed to train its police officers in the fundamental law of search, arrest, detention, and use of force.

25. The actions of the Defendant Officers resulted from, and were taken pursuant to a de facto policy of the Las Vegas Metropolitan Police Department, which is implemented by police officers of the said Department to summarily punish persons who refuse to obey police orders, whether lawful or not, by means of unlawful detention, arrest,

6

search, battery, and excessive force.

26. The existence of the <u>de facto</u> policy described in paragraph 25 has been known to supervisory and policy-making officers and officials of the Police Department, and the said department for a substantial period of time.

27. Despite their knowledge of the said illegal policy and practices, the supervisory and policy-making officers and officials of the said Defendant Police Department as a matter of policy, have not taken steps to terminate the said practices, or investigate, have not disciplined or otherwise properly supervised the individual officers who engaged in the said practices, have not effectively trained police officers with regard to the proper constitutional and statutory limits on the exercise of their authority, and have, instead, sanctioned the policy and practices described in Paragraph 25 through their deliberate indifference to the effect of the said policy and practices upon the constitutional rights of the residents and visitors of the City of Las Vegas and the County of Clark.

28. The foregoing acts, omissions, and systematic failures are customs and policies of the Defendant, Las Vegas Metropolitan Police Department, caused the Defendant Officers to believe that determination of the right to use of force, and the amount of allowable legal force, was within their discretion and that complaints of illegal use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to use illegal and excessive force.

29. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the Defendant, Las Vegas Metropolitan Police Department, the Plaintiff was improperly and illegally suffered excessive force and had his said constitutional rights

violated, all to her damage in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### FOURTH CAUSE OF ACTION

### BATTERY

30. Paragraphs 1 through 29 are incorporated herein.

31. At all times material and relevant herein, the Defendant Officers were acting within the scope of their authority as an agent and officers of the Defendant, Las Vegas Metropolitan Police Department.

32. Said force in effectuating and continuing detainment of Plaintiff was unreasonable and constituted a battery.

33. As a direct and proximate cause of the said battery, Plaintiff was physically and mentally injured. As a result of these acts, Plaintiff has suffered loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of her liberty, invasion of her privacy, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, all to damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

34. That the acts, conduct, and behavior of the Defendant Officers as individuals, was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

8

**WHEREFORE,** Plaintiff RICHARD L. ASSAN demands judgment in his favor against the Defendants, and each of them: (a) for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (b) for general damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); ( c) against Defendant Officers as individuals for punitive damages each in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. § 1988, and further relief as justice requires.

DATED this 7 day of December, 2000.

POTTER LAW OFFICES

By _____
CAL J. POTTER, III, ESQ.
Nevada Bar No. 001988
1125 Shadow Lane
Las Vegas, Nevada 89102
Attorneys for Plaintiff

9